Filed 1/6/14  Aryeh v. Law Offices of Joseph Daneshrad CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JAMSHID ARYEH, | B248014 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC476302) |
| v. | |
| LAW OFFICES OF JOSEPH DANESHRAD, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Robert L. Hess, Judge.  Affirmed.

Jamshid Aryeh, in pro. per., for Plaintiff and Appellant.

Daneshrad Law Firm, Lyle River for Defendant and Respondent.

_____

Plaintiff and appellant Jamshid Aryeh sued the Law Offices of Joseph Daneshrad (Daneshrad) for legal malpractice. Aryeh appeals after the trial court sustained a demurrer to Aryeh's seconded amended complaint without leave to amend. We affirm.

## PROCEDURAL BACKGROUND

Daneshrad represented Aryeh in a marital dissolution action for about two years, substituting out of the case in January 2011.[1] Aryeh, acting in propria persona, sued Daneshrad for legal malpractice on January 5, 2012. Daneshrad filed a demurrer to Aryeh's complaint, but before hearing on the demurrer was held, Aryeh filed a first amended complaint. A demurrer to the first amended complaint was sustained on September 25, 2012. Based upon representations to the trial court that he had retained counsel, Aryeh was given 10 days to amend his complaint. On October 4, 2012, Aryeh filed his second amended complaint, still acting in propria persona.

Daneshrad filed a demurrer to the second amended complaint on October 18, 2012, setting a hearing date of November 15, 2012. Soon after, Aryeh actually retained counsel, Shahrokh Mokhtarzadeh, who substituted into the case on October 25, 2012. No opposition was filed to the pending demurrer, however. Mokhtarzadeh appeared at the demurrer hearing and conceded the demurrer was meritorious. At the hearing, he presented an ex parte application seeking leave to file a third amended complaint, and a proposed third amended complaint was submitted. The trial court examined the proposed third amended complaint, found that it "was so facially deficient that there could be no point to allowing it to be filed," and denied the ex parte application. It then sustained the demurrer to the second amended complaint and denied leave to amend.

On November 26, 2012, Mokhtarzadeh filed a notice of motion seeking reconsideration of the November 15, 2012 ruling and for leave to file a third amended complaint. No memorandum of points and authorities or other documents accompanied

---

[1] The record filed by Aryeh on appeal is woefully deficient. Most of the background facts summarized here are taken directly from an order prepared by the trial court in February 2013, which does appear in the record.

2

the notice of motion. On December 13, 2012, Mokhtarzadeh filed an "amended" notice of motion for reconsideration, which apparently attached moving papers. The trial court noted that although the motion purported to be based on Code of Civil Procedure section 1008, it failed to set forth any "'new or different facts, circumstances, or law.'" Additionally, the motion included a declaration from Mokhtarzadeh supposedly seeking relief pursuant to Code of Civil Procedure section 473, subdivision (b) on the basis of "mistake, inadvertence, surprise, or excusable neglect." The declaration admitted to no error, however, but instead criticized the trial court for making an unclear order when allowing leave to file the second amended complaint, disregarding its own order, and giving Aryeh insufficient time to prepare the second amended complaint.

The motion for reconsideration was heard on January 14, 2013. Aryeh was present in the courtroom when the matter was called but his attorney, Mokhtarzadeh, was not. The court denied the motion on the merits and Daneshrad's attorney was directed to give notice.

On January 17, 2013, Mokhtarzadeh filed an ex parte application for relief from the January 14 order. The court granted an order shortening time and Mokhtarzadeh submitted moving papers. His accompanying declaration explained his absence on the morning of January 14 by stating that he was scheduled to make three separate court appearances that morning, and he telephoned each department before 8:30 a.m. to advise courtroom staff that he could be running late. Daneshrad's opposition questioned the veracity of the declaration, pointing out inconsistencies in Mokhtarzadeh's timeline and submitting calendar information from the superior court's website casting doubt on Mokhtarzadeh's claim of having multiple hearings on January 14. At the February 4, 2013 hearing on the matter, Mokhtarzadeh revised his story on the multiple court appearances, and said that he could not recall who in the department he had spoken with on the telephone on the morning of January 14. The trial court expressed skepticism that Mokhtarzadeh actually made such a call, as courtroom staff were questioned and responded that they did not receive a call from him.

Nevertheless, the trial court granted the motion for relief from error and revisited the merits of the December 2012 motion for reconsideration. The court denied the motion, finding that the motion for reconsideration lacked merit.

Judgment was entered on March 19, 2013. Aryeh timely appealed.

## DISCUSSION

On appeal, Aryeh argues that the order sustaining the demurrer to the second amended complaint was incorrect, that he should have been granted leave to amend, and that "[r]elief should have been granted under [Code of Civil Procedure section] 473 [, subdivision] (b) due to attorney's affidavit of fault."

Each of these arguments is scuttled by Aryeh's failure to submit an adequate record. "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" ( *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9; accord, *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1)." (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal. App 4th 1412, 1416.)

In sustaining the demurrer to the second amended complaint, the trial court granted a request for judicial notice made by Daneshrad.[2] The record presented to this Court contains neither the demurrer itself nor the request for judicial notice. Because we have not been provided with these relevant materials, it is not possible for us to find that the trial court's decision to sustain the demurrer was erroneous.

---

[2] Under appropriate circumstances, a court may take judicial notice of a matter when deciding a demurrer. (Code Civ. Proc., § 430.70.)

4

Nor are we able to conclude that Aryeh should have been granted leave to amend. As a party asserting that amendment is warranted, Aryeh must demonstrate to this Court how he can amend his complaint to state a cause of action. (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711.) Aryeh has provided no such demonstration. Furthermore, although he implies that the proposed third amended complaint submitted to the trial court could have remedied the second amended complaint's defects, the record contains no copy of the proposed third amended complaint.

Finally, this Court is unable to find that Aryeh was entitled to relief under Code of Civil Procedure section 473, subdivision (b) because Aryeh has failed to submit the papers in which such a request was made, and any opposition.[3] We cannot just haphazardly guess at the contents of documents filed in the trial court. Aryeh's status as a propria persona litigant does not allow us to overlook the deficiencies in the record. (See *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1; *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 ["'a litigant . . . appearing in propria persona . . . is entitled to the same, but no greater, consideration than other litigants and attorneys'"].)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                                        BOREN, P.J.

We concur:

        CHAVEZ, J.                      FERNS, J.*

---

[3]     Indeed, it is not entirely clear what ruling Aryeh asks us to review, though we assume it is the trial court's order denying the motion for reconsideration of the November 15, 2012 ruling.

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5