Filed 1/14/14  Siraj v. Jerry's Famous Deli CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SOLAYMAN SIRAJ, | B247483 |
| Plaintiff and Appellant, | (Los Angeles County |
| v. | Super. Ct. No. LC 094066) |
| JERRY'S FAMOUS DELI, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maria E. Stratton, Judge.  Affirmed.

Motaz M. Gerges for Plaintiff and Appellant.

Wood, Smith, Henning & Berman, Daniel A. Berman, Nicholas M. Gedo and Steven L. Rodriguez for Defendant and Respondent.

* * * * * *

Appellant Solayman Siraj swallowed a toothpick without knowing it. He claimed that he swallowed it on November 10, 2009, while eating a hamburger at Solley's Restaurant and Deli (Solley's), but his own expert testified that Siraj's theory was highly unlikely. On appeal, Siraj challenges the judgment in favor of Solley's. His arguments lack merit, and we affirm.

## FACTS AND PROCEDURE

### 1. Complaint

On June 30, 2011, Siraj sued Jerry's Famous Deli, doing business as Solley's, alleging a single cause of action for negligence. Siraj alleged that on November 10, 2009, he ate a hamburger at Solley's. "[A] toothpick had been inserted into the burger per standard operating procedure of Defendants." Siraj swallowed the toothpick, which caused him severe pain and required two surgeries to correct.

### 2. Siraj's Testimony

Siraj worked as a security guard at a shopping mall, where Solley's was located, and he ate at Solley's almost every day. Siraj testified that he ate at Solley's on November 10, 2009. He ordered a hamburger and felt a sharp pain when he bit into the burger. At the time he did not think it was significant, but the next day he suffered abdominal pain. Following surgery on November 14, 2009, Siraj learned that he had an intact toothpick in his stomach. Siraj did not know that he had swallowed a toothpick. When he was told that there was a toothpick in his stomach he believed it came from the hamburger he ate at Solley's on November 10, 2009.

### 3. Other Evidence

Solley's employees placed toothpicks of two sizes in sandwiches, one of which was the same size as the toothpick recovered from Siraj's abdomen. Solley's employees did not put toothpicks in hamburgers.

Solley's employees Daniela Novak, Rosa Perez, and Miguel Lopez saw Siraj with toothpicks in his mouth in the restaurant and in the parking lot. Shawn Sullivan, who owned a business in the same complex as Solley's, never saw Siraj walk around with a

2

toothpick in his mouth, and neither did John Strong, who knew Siraj from the shopping mall.

### 4. Expert Witnesses

Surprisingly, Siraj's expert Dr. Tirso Del Junco testified it was highly unlikely Siraj could have swallowed the toothpick on November 10, and Solley's expert testified it was quite possible Siraj could have swallowed it on that day. According to Siraj's expert, a toothpick would pass through the gastrointestinal tract after eight to 12 hours and would not remain intact five days after being swallowed. Siraj's expert also testified that most patients know when they swallow a toothpick. According to Dr. Del Junco, a toothpick usually breaks when eaten in food. Dr. Del Junco would have been "surprised" if Siraj swallowed a toothpick on November 10, 2009, and "doubt[e]d" that theory.

According to Solley's expert, Dr. Michael Demicco, a toothpick may remain in the gastrointestinal tract for weeks or even years and may be intact after a long time. Dr. Demicco also testified that only 12 percent of persons swallowing a toothpick remember that they swallowed it.

### 5. Argument

Siraj's counsel argued that Siraj swallowed a toothpick without knowing it and was injured by the toothpick. For Siraj to swallow a toothpick without knowing it, the toothpick had to be encased in food. "The question, of course, is where did he swallow it and when. You have to answer that." Siraj ate regularly at Solley's, and Solley's used toothpicks of the same size as the one found in Siraj. Counsel argued that jurors should credit the defense expert Dr. Demicco.

Solley's argued that there was no evidence Solley's put a toothpick in Siraj's hamburger or that Solley's ever put toothpicks in hamburgers.

### 6. Judgment

The jury rendered a verdict in favor of Solley's, and the court entered judgment for Solley's.

**DISCUSSION**

Siraj argues that (1) the court erred in excluding evidence that other persons almost swallowed toothpicks while eating sandwiches at Solley's; (2) the court erred in overruling an objection during closing argument when defense counsel argued there were no other incidents of toothpicks in hamburgers; and (3) the court erred in allowing Solley's to designate an expert witness after the discovery cut-off date. These contentions lack merit.

*1. Exclusion of Evidence of Persons Almost Swallowing Toothpicks in Sandwiches*

Solley's moved in limine to exclude evidence of other alleged incidents at Solley's regarding toothpicks. According to the motion in limine the incidents involved sandwiches, not hamburgers and the proposed witnesses did not actually swallow a toothpick. Solley's argued that under Evidence Code section 352, the evidence was more prejudicial than probative.

Siraj opposed the motion, describing the other incidents as follows: "The prior incidents are such that plaintiff believes will show toothpicks were placed in other patrons' sandwiches in such a way as to be unseen and causing them to almost swallow the toothpicks." The trial court granted Solley's motion.

On appeal, Siraj argues the evidence of other incidents of toothpicks in sandwiches was relevant.

We review the trial court's evidentiary rulings for abuse of discretion.[1] (*City of Ripon v. Sweetin* (2002) 100 Cal.App.4th 887, 900.) Evidence Code section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue

---

[1]    Siraj's argument that granting the motion in limine was tantamount to a judgment for a nonsuit is not persuasive. The trial court did not exclude all evidence of negligence. It excluded evidence of other incidents, which Siraj describes as similar, but the court implicitly concluded were dissimilar and not sufficiently probative to overcome their prejudicial impact.

consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

Siraj fails to show the trial court abused its discretion. First, by arguing only that the evidence was relevant, Siraj does not show that the probative nature of the evidence outweighed its prejudicial impact. Therefore, Siraj demonstrates no error in the trial court's granting Solley's motion in limine to exclude evidence under Evidence Code section 352. Second, there was substantial testimony showing that Solley's distinguished between sandwiches and hamburgers, and there was *no* contrary evidence. The evidence showed Solley's employees placed toothpicks in sandwiches but did not place them in hamburgers (contrary to the allegations in the complaint). Siraj demonstrates no error in distinguishing between sandwiches and hamburgers when *all* of the evidence supported that distinction.

In any event, "'[w]e may grant relief only when the asserted abuse constitutes a miscarriage of justice, [citation] that is, when in the absence of the improperly admitted evidence a result more favorable to the complaining party would likely have occurred [Citation.].'" (*Ajaxo Inc. v. E*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 44.) Even if the court erred in excluding the evidence that other persons almost swallowed toothpicks placed in Solley's sandwiches, Siraj fails to show prejudice. First, he fails to argue he incurred any prejudice. Second, Solley's admitted that it placed toothpicks in sandwiches. The evidence that Solley's placed toothpicks in sandwiches does not support the inference that they had a policy of placing them in hamburgers as Siraj alleged in his complaint. In short, even assuming the court should have allowed the introduction of the evidence of toothpicks in sandwiches, Siraj fails to show it is reasonably probable he would have obtained a more favorable result.

## 2. *Alleged Improper Closing Argument*

In Solley's closing argument, counsel argued: "The plaintiff's closing is a lot like the opening, in that, you've never heard any information whatsoever that Solley's put a toothpick in his hamburger. You never heard that Solley's went against its policy and put a toothpick in a hamburger. You never heard testimony that somebody saw another

5

person place a toothpick in the hamburger. You never heard any testimony or received any evidence that somebody else knows on some other occasion that somebody took a toothpick from Solley – at Solley's." Siraj's counsel objected and the court overruled the objection.

Solley's counsel continued: "We do know the evidence that was presented is that Solley's does use toothpicks, but uses [them] in sandwiches, and Mr. Siraj was not eating a sandwich on the 10th."

Siraj argues the court erred in failing to sustain his objection. Siraj demonstrates no error. There was no evidence that Solley's placed a toothpick in Siraj's hamburger or more generally in any hamburger. Solley's counsel did not comment on excluded evidence because the court excluded only evidence of toothpicks in sandwiches. To the extent Siraj is attempting to argue that there is no distinction between a hamburger and a sandwich, he failed to make that argument in the trial court and failed to challenge Solley's evidence that its practice was to put toothpicks only in sandwiches, not in hamburgers.

Even assuming Solley's counsel's argument was improper, Siraj fails to demonstrate reversal is warranted. Siraj's complete argument on prejudice is as follows: "Soley's [*sic*] counsel comments were clearly prejudicial and deprived Siraj from a fair trial and therefore, it constitutes a reversible error and this case must be reversed on this basis alone." That statement merely recites the legal principle but fails to apply it to this case. Siraj's own expert testified that it was highly unlikely the toothpick removed from Siraj's gastrointestinal tract was from a hamburger eaten on November 10. Given that his own expert opined against him, it is unlikely that counsel's argument, which correctly stated that there was no evidence of toothpicks in hamburgers, had any effect on the verdict.

## 3. *Expert Witness*

On September 21, 2012, Solley's moved ex parte to designate a supplemental expert. Solley's argued that after it took Siraj's expert's deposition it learned the expert would opine on matters outside the scope of his designation. On September 4, 2012,

Solley's served a supplemental expert designation limited to the issue of the length of time it takes for a toothpick to travel through a person's gastrointestinal tract. The trial court allowed defendant to designate a supplemental expert after it found that Siraj's "expert designations were defective in that they did not put [defendant] on notice that these experts would testify to the time it takes for a foreign body to travel through the intestinal tract. Defendant timely designated its expert after the [plaintiff's] expert's deposition which revealed the full scope of the expert's proposed testimony."

"Management of discovery lies within the sound discretion of the trial court. Consequently, appellate review of discovery rulings is governed by the abuse of discretion standard. . . . The trial court's determination will be set aside only when it has been demonstrated that there was '"no legal justification"' for the order granting or denying the discovery in question." (*Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050, 1061, citations omitted.) Siraj demonstrates no abuse of discretion. He fails to acknowledge the trial court's finding that his expert declaration was defective and fails to include his expert declaration in the record. "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "It is the burden of appellant to provide an accurate record on appeal to demonstrate error. Failure to do so precludes an adequate review and results in affirmance of the trial court's determination." (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)

Siraj's claim that the introduction of evidence by Solley's expert prejudiced him borders on the frivolous. Solley's expert provided the testimony most helpful to Siraj and the testimony upon which Siraj's counsel relied during closing argument. Specifically, Dr. Demicco testified that only about 12 percent of persons swallowing a toothpick remember that they swallowed it. He testified that a person can have a toothpick in his or her gastrointestinal tract from weeks to years and the toothpick can remain intact for a long time. Of all the testimony in the record, that testimony was most helpful to Siraj. Siraj's counsel recognized this when he argued Dr. Demicco "overruled Dr. Del

7

Junco . . . because this is the real expert here." Dr. Demicco's testimony could not have prejudiced Siraj.

## DISPOSITION

The judgment is affirmed. Solley's is entitled to costs on appeal.


                                        FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.