Filed 6/16/14  In re Marriage of Shimpi and Sonawane CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| In re the Marriage of ANJALI A. SHIMPI and NITIN D. SONAWANE. | |
| ANJALI A. SHIMPI, Respondent, v. NITIN D. SONAWANE, Appellant. | A138566 (San Francisco County Super. Ct. No. FDI-08-768096) |

Appellant Nitin D. Sonawane appeals from the judgment entered in a marital dissolution action between him and respondent Anjali A. Shimpi.  On appeal, appellant argues that the trial court erred in (1) determining the date of separation to be August 1, 2008, (2) awarding respondent temporary spousal support, and (3) conducting a coercive settlement conference.  Because he has not supplied this court with an adequate record, we affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The parties were married on January 3, 2003.

The parties' child was born in December 2003.

Respondent states in her brief that she filed a request for dissolution of marriage on November 5, 2008.  Appellant was served with process on October 7, 2008.

On November 30, 2012, appellant filed a pretrial statement in which he indicated the parties' date of separation was contested. He claimed the date was December 12, 2006, while respondent asserted the date was August 1, 2008. In support of his assertions, he attached photocopies of several e-mail exchanges between him and respondent, as well as other family members. The dates on the messages range from September 21, 2003 to May 4, 2009. The messages reflect the demise of the parties' relationship.[1]

On January 3, 2013, a hearing was held before the trial court. According to the court's minute order, both parties appeared in pro per. They were voir dired as to the jurisdictional facts of the marriage. The court terminated the parties' marital status and set the date of separation as August 1, 2008. Appellant was ordered to pay respondent $544 per month in temporary spousal support, and $1087 per month in child support. He was also ordered to maintain health insurance for the minor. The court reserved jurisdiction over the issues of child support, spousal support, and the enforcement of judgment regarding appellant's pension plan. The parties were ordered to return on March 29, 2013 for a mandatory settlement conference and a review hearing regarding support.

On March 5, 2013, the amended judgment of dissolution was filed.

On May 3, 2013, appellant filed a notice of appeal from the amended judgment.

On August 1, 2013, the trial court responded to appellant's complaint regarding the conduct of the mandatory settlement conference. The court's letter states, in part: "From an examination of all the evidence available to the court, it is my determination that the record does not support any allegation of improper conduct or any irregularity in memorializing the terms of the settlement."

## DISCUSSION

Appellant has failed to provide this court with sufficient record of the proceedings below. This failure dooms his appeal.

---

[1] Appellant states that the trial court excluded this e-mail evidence at the hearing.

A fundamental rule of appellate review is that an appealed judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Ibid*.; see also *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 ["judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness"].) To overcome this presumption, the appellant must provide an adequate appellate record demonstrating error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct and, on that basis, affirm. (*Id.* at pp. 1295-1296; see also *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 ["[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [appellant]"]; *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [failure to provide an accurate record "precludes an adequate review and results in affirmance of the trial court's determination"].)

Here, appellant has failed to provide an adequate record on appeal for this court to review his challenge to the sufficiency of evidence supporting the trial court's judgment, including its ruling on the date of separation and the award of spousal support. It appears the January 3, 2013 hearing was not reported. Therefore, we do not have a complete record of the evidence that was presented during the hearing. Nor do we have any documentation reflecting the trial court's reasons for arriving at its determinations. Further, apart from appellant's written complaint and the court's response, we have no information as to what actually occurred during the mandatory settlement conference and therefore no way to determine whether any allegedly improper conduct had a substantive impact on the proceedings. Accordingly, under the principles of appellate review described above, we have no basis upon which to reverse any of the trial court's rulings.

**DISPOSITION**

The amended judgment is affirmed.

3

_____
Dondero, J.

We concur:

_____
Margulies, Acting P.J.

_____
Banke, J.

A138566