Filed 4/9/15  Kats v. Recontrust CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| LEO KATS, Individually and as Trustee, etc. et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>RECONTRUST COMPANY, N.A. et al.,<br><br>    Defendants and Respondents. | D065841<br><br><br>(Super. Ct. No. 37-2012-00094022-CU-BC-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Affirmed.

Eric M. Welch for Plaintiffs and Appellants.

McGuireWoods, Leslie M. Werlin and Tim G. Ceperley for Defendants and Respondents.


INTRODUCTION

The trial court sustained without leave to amend the demurrer of defendants

Recontrust Company, N.A. and Bank of America Corporation (collectively, defendants)

to the third amended complaint of plaintiffs Leo Kats, Claire Kats, and The Leo and Claire Kats Trust (collectively, plaintiffs).  Plaintiffs appeal the subsequent judgment of dismissal contending their third amended complaint adequately pleaded causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing.  They further contend they should be allowed leave to amend their complaint and given an opportunity to attach a copy of a special forbearance agreement, which is the subject of the complaint.  However, plaintiffs failed to designate an adequate record on appeal.  They have not provided us with the third amended complaint or any of the pertinent pleadings considered by the trial court.  This failure precludes an adequate appellate review and requires us to affirm the judgment.  (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)[1]

## FACTUAL AND PROCEDURAL BACKGROUND

The trial court sustained without leave to amend the demurrer of defendants to the plaintiffs' third amended complaint.  The court declined to consider the untimely filed opposition papers to the demurrer.  The court noted the demurrer was served on two separate addresses for plaintiffs' counsel 10 days after the third amended complaint was filed, more than six months before the demurrer hearing date.  Although the untimely

---

[1]    In a separate order, we deny plaintiffs' untimely motion to augment the record, filed on March 6, 2015.  The motion was filed more than five months after the respondents' brief pointed out the lack of an adequate record and more than three months after plaintiffs filed their reply brief representing they were "concurrently" submitting a motion to augment the record.  No motion to augment was filed with the reply brief in November 2014.  We decline to consider the untimely motion at this late date.  (*People v. Preslie* (1977) 70 Cal.App.3d 486, 492.)

papers referred to an attorney declaration purporting to state the demurrer was not served on counsel and he only discovered the demurrer by reviewing the court's docket, the court noted no such declaration was filed. Therefore, the court found there was no good cause to consider the late opposition papers.

On the merits, the court found the third amended complaint remained defective. "Despite explicit instructions from the court on the prior demurrer to comply with the well-settled pleading requirements for contract claims, plaintiffs continue to fail to comply. Moreover, the court granted leave to amend the second amended complaint on the representations of plaintiffs' counsel that he ' "read" the "special forbearance" agreement [and was] able to allege the specific terms of the agreement and/or attach it to the amended complaint as required.' . . . However, counsel failed to do so." (Some capitalization omitted.)

In denying leave to amend, the court noted it had expressly admonished plaintiffs "that if the [third amended complaint] remained defective, as it has, the court would not entertain further leave to amend and the action would be dismissed." (Some capitalization omitted.) The court noted "plaintiffs['] untimely opposition again makes a blanket request for leave to amend, but again fails to sustain plaintiffs' burden to demonstrate available facts to cure the defects raised by the demurrer." Therefore, the court sustained the demurrer without leave to amend and dismissed plaintiffs' claims in their entirety.

Plaintiffs appealed the judgment of dismissal. They elected to proceed on appeal without a record of the oral proceedings and designated only three minute orders, the

notice of entry of judgment, the notice of appeal and the notice designating the record on appeal.

DISCUSSION

I

In reviewing a judgment of dismissal after a demurrer is sustained, we are required to review the order de novo and exercise our independent judgment as to whether the complaint states a cause of action as a matter of law. (*Lincoln Property Co., N.C., Inc. v. Travelers Indemnity Co.* (2006) 137 Cal.App.4th 905, 911.) Ordinarily, we will assume the truth of all properly pleaded material facts, as well as facts inferred from the pleadings and those of which judicial notice may be taken. (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814.) However, it remains plaintiffs' burden to show either the demurrer was sustained erroneously or the trial court's denial of leave to amend was an abuse of discretion. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.)

In this case, plaintiffs have failed to provide either the third amended complaint or the pertinent pleadings related to the demurrer at issue. It is the appellant's burden to provide an adequate record on appeal. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["a party challenging a judgment has the burden of showing reversible error by an adequate record"]; *Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 849 [the appealing party must provide an adequate record demonstrating error].) "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.) We are not permitted to speculate as to the contents of the

4

missing portions of the record or the issues the plaintiffs may have raised below. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) The failure to provide an adequate record on appeal "precludes an adequate review and results in affirmance of the trial court's determination." (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)

Further, plaintiffs failed to provide citations to the record in support of the factual and procedural assertions in their opening brief or legal analysis supported by citation to authority. Therefore, we deem their arguments waived. (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1; citing *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 and *Trinkle v. California State Lottery* (2003) 105 Cal.App.4th 1401, 1413; see *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [statements in appellate briefs not supported by citations to the record are improper and cannot be considered].)

By failing to provide an adequate record on appeal or arguments supported with appropriate citation to the record or legal authority, the plaintiffs in this case have provided us with nothing to independently review. Therefore, we are compelled to presume the judgment of the trial court is correct and we affirm.

## II

Plaintiffs also request an opportunity to amend their complaint again, purporting they will this time actually attach the forbearance agreement, which they contend is the basis for their contract claims. However, the trial court apparently gave the plaintiffs multiple opportunities to properly plead their causes of action and "explicit instructions" in an order following a previous demurrer "to comply with the well-settled pleading

5

requirements for contract claims."  The court noted plaintiffs' counsel previously represented he was "able to allege the specific terms of the agreement and/or attach it to the amended complaint as required" but he failed to do so.  On appeal, plaintiffs admit they did not attach the forbearance agreement with any of the prior complaints for "strategic reasons."  Under the circumstances, we cannot conclude the trial court abused its discretion in denying leave to amend.

Additionally, on appeal, plaintiffs have not met their burden of showing how they can amend their complaint and how the amendment will change the legal effect of the pleading.  " 'The assertion of an abstract right to amend does not satisfy this burden.' [Citation.]  The plaintiff[s] must clearly and specifically state 'the legal basis for amendment, i.e., the elements of the cause of action,' as well as the 'factual allegations that sufficiently state all required elements of that cause of action.' "  (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95.)

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.


McCONNELL, P. J.

WE CONCUR:

NARES, J.

McINTYRE, J.

6