[No. B125812. Second Dist., Div. Four. Apr. 21, 1999.]

FELIPE ESTRADA, Plaintiff and Appellant, v.
GUADALUPE RAMIREZ, Defendant and Respondent.

**COUNSEL**

Bander Law Firm, Joel R. Bander and Robert Asa Crook for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—This is an appeal from a superior court order imposing discovery sanctions against appellant Felipe Estrada (appellant) and his attorney, Joel R. Bander (Bander). After the sanctions had been ordered, the matter was transferred to the municipal court, where it was ultimately resolved. Despite the fact that final resolution of this matter occurred in the municipal court, appellant lodged this appeal in the Court of Appeal. We conclude that jurisdiction over the appeal properly resides with the appellate division of the superior court and we dismiss.

### STATEMENT OF THE CASE

This appeal is being processed pursuant to California Rules of Court, rule 17(b), meaning that respondent has failed to file a brief after notice of

default. Upon failure of respondent to file a brief after a rule 17(b) notice has been mailed, "the court may accept as true the statement of facts in the appellant's opening brief and, unless the appellant requests oral argument, may submit the case for decision on the record and on the appellant's opening brief." ■■■ (Cal. Rules of Court, rule 17(b); *County of Lake v. Antoni* (1993) 18 Cal.App.4th 1102, 1104 [22 Cal.Rptr.2d 804].)[1]

On May 8, 1997, a superior court judge heard three motions that sought to compel appellant to respond to three separate discovery requests. Each motion sought sanctions against appellant and Bander. The superior court judge granted the motions over appellant's opposition and awarded sanctions in the aggregate of $2,214 against appellant and Bander.

Appellant's brief advises us that the matter was "removed to the Los Angeles Municipal Court and Judgment was entered by the Municipal Court upon the entire action. . . ." Appellant offers in support of this statement an uncertified copy of an order of dismissal from the municipal court dated September 4, 1998. The brief states: "Appellant filed Notices of Appeal for appeals to be heard either in the Court of Appeal or the Appellate Department of the Superior Court. The Appellate Department of the Superior Court declined to hear this matter insofar as the sanctions order which is being appealed was made by [a] Superior Court Judge . . . prior to the transfer to the Municipal Court." No documents in the appendix support these statements. Rather, a declaration containing this exact language by Robert Asa Crook, counsel for appellant, is appended to the opening brief.[2]

## DISCUSSION

■ It is undisputed that this matter originally resided within the superior court, that a superior court judge issued the subject order, and that the matter

---

[1]Appellant has chosen to proceed by way of appendix pursuant to California Rules of Court, rule 5.1. A majority of the documents in the appendix appear to be copies of documents from counsel's file which are neither conformed nor certified. Some of appellant's arguments rely upon these unconformed and uncertified documents. It is the burden of appellant to provide an accurate record on appeal to demonstrate error. Failure to do so precludes an adequate review and results in affirmance of the trial court's determination. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) Because we conclude that this matter must be dismissed, we do not reach the issue whether the record is sufficient to demonstrate error.

[2]While Courts of Appeal do have discretion to "take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal" (Code Civ. Proc., § 909), we decline to do so here. As previously noted, appellant has chosen to proceed by providing this court with his own appendix. It would have been a simple matter for appellant to provide conformed or certified copies of any and all documents relating to his alleged attempt to appeal this matter to the appellate division of the superior court. Absent such confirming documents, we will not accept counsel's unconfirmed conclusion why the appellate division of the superior court rejected the appeal.

was transferred to municipal court and dismissed. The question to be resolved is what forum has jurisdiction to review the appeal.

We begin with Code of Civil Procedure section 396 which, as pertinent, states: "If an action or proceeding is commenced in a court that lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this state that has subject matter jurisdiction, the action or proceeding shall not be dismissed . . . but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter that may be agreed upon by the parties, or, if they do not agree, to a court having subject matter jurisdiction that is designated by law as a proper court for the trial or determination thereof, *and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved.*" (Italics added; all further statutory citations are to sections of this code unless otherwise indicated.)

The foregoing italicized language is clear. We are to treat the case, and all prior orders issued, as if the matter had originally been filed in the municipal court. Because municipal courts are courts of limited jurisdiction, appeals from municipal court judgments are to be heard by the appellate division of the superior court. (§§ 85, 86 and 904.2.)

Review of a municipal court judgment by the Court of Appeal is discretionary and is limited to situations where it "appears necessary to secure uniformity of decision or to settle important questions of law." (§ 911, Cal. Rules of Court, rule 62(a).) Transfer from the superior court is effected in one of two ways. First, the superior court may issue a certification that the case is appropriate for transfer, which the Court of Appeal may accept or deny. Second, the Court of Appeal may grant its own motion to transfer after review of a published opinion of the appellate division. Neither of these procedures was initiated in this case. Appellant filed a notice of appeal directly in the Court of Appeal.

If the sanctions order had been in excess of $5,000, it would have been immediately appealable, and a timely notice of appeal prior to the transfer to the municipal court would have vested this court with jurisdiction. (§ 904.1, subds. (a)(12) and (b).) Because the order is less than $5,000, appellant had a choice of seeking review by means of an extraordinary writ or waiting until a final judgment was entered. (§ 904.1, subd. (b).) Appellant selected the second option.

While we reach no conclusions relating to the alleged attempt to appeal to the appellate division alluded to in counsel's declaration, one of the concerns implicit, if not explicit, in appellant's brief is that the appellate division of the superior court has no jurisdiction to review an order of another department of the superior court. It is true that normally one department of a superior court cannot overturn, enjoin, or declare void an order of another department. (*People* v. *Gonzalez* (1996) 12 Cal.4th 804, 815 [50 Cal.Rptr.2d 74, 910 P.2d 1366].) However, this case does not present the normal situation.

The situation here is somewhat analogous to that presented in *People* v. *Gonzalez, supra,* 12 Cal.4th 804. There, at the request of the city attorney for Los Angeles, a superior court judge issued an injunction prohibiting gang members from engaging in certain activities. The city prosecutor sought and obtained convictions of contempt against one of the targets of the injunction. The matter was appealed to the appellate division of the superior court, which had originally issued the injunction. The question arose whether the appellate division could entertain the issue of the validity of the original injunction. The Supreme Court answered the question in the affirmative: "The municipal court had jurisdiction to try the charge of misdemeanor contempt for willful disobedience of a superior court's order. [Citations.] A court with jurisdiction over a cause has jurisdiction to resolve all issues before it. [Citations.] The validity of the order defendant is charged with violating is such an issue, for, as we have seen, California law defines misdemeanor contempt as, among other things, disobedience of an order 'lawfully issued' by a court. [Citation.] As we have also shown, California law has long established there can be no contempt of an invalid injunctive order. [Citations.] Because under settled law there can be no contempt of a void injunctive order, and because we have long recognized the propriety of collateral attacks on void orders, it seems evident that the trial court is a proper forum in which to raise the issue of the validity of the injunction." (*Id.* at pp. 820-821.)

While this case presents a direct attack on a sanctions order, we do not believe a different result should obtain. Section 396 declares that the case, including all orders entered before transfer, is to be treated as if it were originally filed in the municipal court. Thus, procedurally, the result is that the order entered by the superior court is to be treated as if entered by a municipal court judge. Because the matter was transferred to the municipal court, apparently without objection, the municipal court had jurisdiction over the matter, and the appellate division of the superior court is the appropriate forum to determine validity of the sanctions.

## Disposition

The appeal is dismissed.

Epstein, Acting P. J., and Curry, J., concurred.