Filed 6/11/15  Spadaro v. Riverside County Dept. of Animal Services CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| CHARLOTTE SPADARO, | |
| Plaintiff and Appellant, | E058093 |
| v. | (Super.Ct.No. RIC10008502) |
| RIVERSIDE COUNTY DEPARTMENT OF ANIMAL SERVICES et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Gloria Trask, Judge.

Affirmed.

Charlotte Spadaro, in pro. per. for Plaintiff and Appellant.

Pamela J. Walls, County Counsel, and Raymond M. Mistica, Deputy County Counsel, for Defendants and Respondents.

Plaintiff and appellant Charlotte Spadaro filed three separate complaints, later consolidated into a single master file by the superior court, alleging various causes of action against defendants and respondents Riverside County Department of Animal

1

Services (Department) and Robert Miller (Miller and, together with the Department, defendants) related to the Department's seizure of animals from her and issuance of 242 citations against her for violations of the City of Riverside's dog licensing laws. On December 19, 2012, the trial court dismissed all three complaints and entered judgment in favor of defendants. Plaintiff has appealed with respect to the dismissal of two of her three complaints.

Plaintiff, who is a former lawyer[1] and represents herself in this appeal, has failed to provide an adequate record to demonstrate error, and largely fails to articulate cogent arguments as to why the trial court's judgment should be reversed. (See *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287 (*City of Santa Maria*) ["to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record"].) To the extent coherent claims of error may be gleaned from plaintiff's briefing, those claims are without merit. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

The register of actions indicates that plaintiff filed three separate complaints, later consolidated by the trial court, the first of which was filed May 5, 2010 (case No. RIC10008502); the second on August 16, 2010 (case No. RIC10016299); and the third on October 5, 2010 (case No. RIC10019580). Plaintiff failed to designate any of the

---

[1] The State Bar of California's website indicates that plaintiff was disbarred on July 6, 2013. (<http://members.calbar.ca.gov/fal/Member/Detail/47163 (as of May 11, 2015).)

complaints for inclusion in the clerk's transcript, however, so copies do not appear in our record. We discern from other documents in the record, and the descriptions of the parties, that plaintiff's first complaint asserted only a claim for injunctive relief against the Department. The second complaint alleged malicious prosecution and intentional infliction of emotional distress against Robert Miller, who is Director of Animal Services for the City of Riverside, based on the issuance of 242 citations to plaintiff for lack of dog licenses with respect to animals kept at a property in Riverside. Her third complaint alleged 13 causes of action, seeking monetary damages, injunctive relief, and writ relief against the Department, Miller, and several other defendants not named in this appeal, arising from the seizure of animals on April 23, 2010, from a second property in Riverside.

Prior to trial, defendants filed four motions in limine, which the court considered in hearings on November 14, 15, and 19, 2012. Motion in Limine No. 1 sought to exclude any evidence or argument regarding plaintiff's first complaint, because the complaint was moot. Motion in Limine No. 2 sought to exclude any evidence or argument concerning plaintiff's second complaint, arguing that complaint failed to state a cause of action because Miller is immune from liability pursuant to Government Code section 821.6. Motion in Limine No. 3 sought to exclude any evidence in support of claims not reflected in a timely filed government claim, including all claims for money damages in plaintiff's third complaint. Motion in Limine No. 4 sought to exclude any evidence and argument concerning plaintiff's third complaint, arguing that the claims asserted therein were moot.

3

With respect to plaintiff's first complaint, the trial court granted Motion in Limine No. 1, and dismissed the complaint in its entirety because the claim for injunctive relief was moot. Plaintiff does not challenge this dismissal on appeal.

With respect to plaintiff's second complaint, the trial court granted Motion in Limine No. 2, and dismissed the complaint in its entirety on the ground that Miller is immune from liability pursuant to Government Code section 821.6, so the complaint fails to state a cause of action against him.

With respect to plaintiff's third complaint, the trial court granted Motion in Limine No. 3, granted in part Motion in Limine No. 4, and made additional findings that certain claims failed to state a cause of action, dismissing on those bases 12 of 13 causes of action asserted. The trial court was prepared to proceed to trial with respect to the remaining cause of action, for writ of mandate, but found plaintiff "was not prepared to proceed and the writ was nothing but a shell and the Court had nothing to proceed on." Plaintiff had failed to prepare the administrative record or file a brief on the petition for writ of mandate. On that basis, the court dismissed the remaining cause of action for writ of mandate.

The trial court entered judgment in favor of defendants on all claims, in all three complaints, on December 19, 2012.

## II. DISCUSSION

### A.  Plaintiff Failed to Provide an Adequate Record on Appeal.

As noted above, plaintiff failed to include copies of her complaints in the record she designated on appeal. It is axiomatic that it is the appellant's responsibility to

4

provide an adequate record demonstrating error, and failure to do so "results in affirmance of the trial court's determination." (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.) Application of this principle is fatal to plaintiff's appeal.

In an appeal claiming that the trial court erred by dismissing a complaint, a copy of the complaint itself is obviously an essential part of the record. In its absence, we must assume whatever is necessary to affirm the trial court's dismissal was included (or absent from) the complaint. (See *City of Santa Maria*, *supra*, 211 Cal.App.4th at p. 286 ["The most fundamental rule of appellate review is that a judgment is presumed correct, all intendments and presumptions are indulged in its favor, and ambiguities are resolved in favor of affirmance."].) Plaintiff's failure to include her complaints in the record, therefore, is an independently sufficient basis for affirming the trial court's judgment. Nevertheless, to the extent it is possible to do so, we discuss plaintiff's asserted claims of error briefly below.

**B.  The Trial Court Did Not Err by Addressing Defendants' Motions in Limine.**

Plaintiff asserts that defendants' motions in limine were in essence dispositive motions, and suggests that the trial court therefore erred by proceeding to rule on them. This argument rests on the proposition that "in limine motions are not designed to replace the dispositive motions prescribed [by] the Code of Civil Procedure . . . ."

Even accepting plaintiff's premises, it does not follow that the trial court erred. Based on its inherent powers to control litigation and conserve judicial resources, the court may enter judgment in favor of a defendant whenever it has been demonstrated that a plaintiff has failed to state any cause of action, including on a motion in limine.

5

(*Coshow v. City of Escondido* (2005) 132 Cal.App.4th 687, 701.) Plaintiff has demonstrated no error.

## C. The Trial Court Did Not Err by Denying Plaintiff's Requests for Continuance.

Plaintiff further asserts that the trial court erred by failing to grant her a continuance of trial, both because she required more time to brief her response to defendants' motions in limine, and because she needed more time to obtain and file the administrative record. We find nothing in the record tending to show that the trial court's refusal to grant a continuance was an abuse of discretion. (See, e.g., *Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126 [grant or denial of a continuance is committed to the sound discretion of the trial court].)

There is no requirement that plaintiff be given any particular amount of time to respond to motions in limine. To the contrary, the California Rules of Court provide that "a motion in limine filed before or during trial need not be accompanied by a notice of hearing" and "[t]he timing and place of the filing and service of the motion are at the discretion of the trial judge." (Cal. Rules of Court, rule 3.1112(f).) Moreover, defendants' motions in limine were served on plaintiff by mail on October 25, 2012, plaintiff admitted receiving them by November 2 or 3, 2012, and the court did not begin to hear the motions until November 14, 2012. The trial court allowed plaintiff an additional time thereafter, until November 19, 2012, to file a written brief addressing any issues she wished, and did not rule on the motions in limine until receiving and reviewing the briefing plaintiff chose to submit on that date. The trial judge was well within its discretion to deny any further time for briefing on the motions in limine.

6

Neither do we find any abuse of discretion by the trial court in declining to allow plaintiff more time to obtain the administrative record. Plaintiff's complaints were filed more than two years before the hearings on defendant's motions in limine, yet there is nothing in the record suggesting that she ever attempted to obtain the administrative record, let alone that she made a written request that the record be prepared, pursuant to Code of Civil Procedure section 1094.6, subdivision (c). Again, the trial court was well within its discretion to deny any continuance.

**D. Plaintiff's Malicious Prosecution Claim Was Properly Dismissed.**

Plaintiff suggests that the court should not have dismissed her malicious prosecution claim against Miller because an exception to governmental immunity applies. She does so, however, only by a series of rhetorical questions, and the bald assertion that she should be able to explore those questions at trial. She fails to make reference to any facts pleaded in her complaint, tending to show governmental immunity does not apply in this case.[2] She makes no reference to evidence she intended to present at trial that might tend to show Miller is not immune from liability. And the only case law she cites in support of her argument, *Adkins v. State of California* (1996) 50 Cal.App.4th 1802, deals with governmental immunity under the Emergency Services Act, Government Code section 8655, rather than the immunity provided by Government Claims Act— specifically, Government Code section 821.6—which is the applicable immunity here. Plaintiff has demonstrated no error.

---

[2] She could not, of course, *cite* to any such facts pleaded, since she failed to designate the complaints as part of the record on appeal.

**E.  Plaintiff's Additional Arguments Are Summarily Rejected.**

To the extent plaintiff's briefing may be construed to raise additional claims of error, other than those discussed above, those claims of error are not supported by cogent legal analysis and citation to the record.  (See *City of Santa Maria*, *supra*, 211 Cal.App.4th pp. 286-287.)  On that basis, any arguments plaintiff may have intended to raise that we have not addressed herein are summarily rejected.

## III. DISPOSITION

The judgment appealed from is affirmed.  Defendants shall recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P.J.

MILLER
J.