Filed 6/2/16  Rios v. Valenzuela CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TEODULA RIOS, | B263342 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS153091) |
| v. | |
| JEANETTE VALENZUELA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen M. Moloney, Judge.  Affirmed.

Law Offices of Christopher L. Hoglin and Christopher L. Hoglin for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jeanette Valenzuela (Valenzuela) appeals from an order of the superior court granting the request of Teodula Rios (Rios) for a civil harassment restraining order. Valenzuela has not cited any evidence that supports her contentions. Therefore we affirm.

## BACKGROUND

On February 13, 2015, Rios filed a request for a civil harassment restraining order under Code of Civil Procedure section 527.6[1] against Valenzuela, her neighbor. Rios and Valenzuela both testified at the hearing, and two other witnesses testified on Rios' behalf.[2] The court viewed video recordings, and after hearing argument from both parties, the court granted the request for a restraining order. Valenzuela timely appealed.

## DISCUSSION

Valenzuela contends that the superior court's order granting the restraining order is not supported by sufficient evidence. She argues that the request for the restraining order was based on one incident in which she allegedly blocked Rios from parking her car. However, the record citation she provides does not support her contention. Indeed, the record contains no evidence regarding the conduct on which the restraining order was based.

Similarly, Valenzuela's contention that Rios did not show she suffered significant emotional distress is not supported by any citation to the record. There is simply no evidence in the record of the circumstances surrounding the

---

[1]    Further unspecified statutory references are to the Code of Civil Procedure.

[2]    The hearing was not reported; therefore, there is no transcript of the hearing in the record.

restraining order.  Accordingly, we affirm.  (See *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 ["It is the burden of appellant to provide an accurate record on appeal to demonstrate error.  Failure to do so precludes an adequate review and results in affirmance of the trial court's determination.  [Citation.]"]; *Defend Bayview Hunters Point Com. v. City and County of San Francisco* (2008) 167 Cal.App.4th 846, 859-860 ["Failure to provide an adequate record on an issue requires that the issue be resolved against the appellant.  [Citation.]"].)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:


MANELLA, J.


COLLINS, J.

3