Filed 5/11/23  Thomas v. Riverside County Dept. of Child Support Services CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DENISE THOMAS, | |
| Plaintiff and Appellant, | E076372 |
| v. | (Super. Ct. No. CSIN1900260) |
| RIVERSIDE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | OPINION |
| Plaintiff; | |
| GARY EVERETT THOMAS, | |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Kristi Hester, Judge.

Affirmed.

Law Offices of Ernest Calhoon and Ernest Calhoon, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

No appearance for Plaintiff.

## I.

## INTRODUCTION

Denise Thomas appeals from the family court's Order After Hearing (the OAH) denying her ex-husband's request to reduce his child support. Denise[1] contends the family court erroneously ended the case by issuing the OAH without ruling on her various discovery requests or her request to increase her ex-husband's child support. We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Denise and her ex-husband, Gary, have a young child. In 2017, Gary was ordered to provide child support to Denise. In 2019, the Riverside County Department of Social Services (the Department), on Gary's behalf, initiated this case by moving to lower his monthly child support payment to Denise due a change in the parties' financial circumstances. Denise opposed the request on several grounds, including that Gary's earning capacity had not changed, he had not paid previously ordered child support payments, and he had not complied with Denise's various discovery requests. Denise also requested that Gary's child support obligations be reconsidered and additional

---

[1] Because the parties share the same last name, we refer to them by their first names. We mean no disrespect.

[2] We provide only a brief overview of the facts and procedural history given our resolution of the merits below.

2

discovery ordered to determine his income. Around the same time, Denise subpoenaed Gary to produce discovery.

The Department's motion was set to be heard on December 12, 2019. At the hearing, however, Denise's attorney, Ernest Calhoon, requested and was granted a continuance until March 2020. The hearing was continued several times until October 15, 2020, due to the superior court's closure caused by the COVID-19 pandemic.

In March 2020, Denise filed a motion to compel discovery from Gary. But because the superior court was closed, the motion was not docketed and the hearing on it was not scheduled.

A day before the October 15, 2020 hearing, Denise filed a request that the family court hear her motion to compel. At the hearing, the family court denied the Department's motion to modify Gary's child support. In a written order after the hearing, the family court stated it denied the motion because it did "not have sufficient information to grant a modification at this time." Denise timely appealed from this order.

III.

DISCUSSION

Denise contends the family court erred during the December 12, 2019 and October 15, 2020 hearings by failing to enforce her subpoenas, failing to hear her motion to compel, declining to order discovery or receive testimony to determine whether Gary's earning capacity had changed, and failing to rule on her request to increase Gary's child support.

3

We first must ensure we have jurisdiction. (See *Harrington-Wisely v. State of California* (2007) 156 Cal.App.4th 1488, 1494, 1498.) The Department's motion on Gary's behalf formed the basis for this action, and Denise argues the OAH denying the motion "end[ed] the case improperly." Given "the conclusive nature of the [OAH], we construe it to be a final and appealable judgment." (*Laws v. County of San Diego* (1990) 219 Cal.App.3d 189, 196, fn. 8.)

But that does not mean Denise has standing to appeal the OAH, which is another jurisdictional prerequisite we must consider on our own. (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67.) Only an "aggrieved party" has standing to appeal an appealable order or judgment. (*El Dorado Irrigation Dist. v. State Water Resources Control Bd.* (2006) 142 Cal.App.4th 937, 977.) Although the family court denied the Department's motion in Denise's favor by declining to reduce Gary's child support obligations, the court did so without ruling on her request that his obligations be revisited with additional discovery and that his payments be increased. Denise was therefore aggrieved by the OAH because it ended the case without resolving her outstanding request to increase Gary's child support payments.

In any event, we lack a sufficient record to review Denise's arguments. As Denise notes, there is no reporter's transcript from the December 12, 2019 and October 15, 2020 hearings, because the court reporter no longer works for the superior court, she did not make a transcript of the hearings, and her notes from the hearings were unintelligible. The minute order from the December 12 hearing states only that "[i]ssues" were

4

discussed and argued by both sides and that Calhoon requested and was granted a continuance. There is no indication that Calhoon raised issues about the subpoenas, and Denise had not yet filed her motion to compel. In other words, we cannot tell from the record what transpired at the hearing. We therefore cannot and do not find any reversible error occurred at the December 12 hearing. (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [appellant's failure to provide adequate record "precludes an adequate review and results in affirmance of the trial court's determination"]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["a party challenging a judgment has the burden of showing reversible error by an adequate record"].)

We reach the same conclusion as to the October 15, 2020 hearing for the same reason. There is no reporter's transcript from the hearing. The minute order states that "[i]ssues" were discussed with the family court, the parties presented argument, the court denied the Department's motion to modify Gary's child support, and the family court directed the Department to prepare an order. The family court then issued the OAH stating that it denied the Department's motion because it did "not have sufficient information." We cannot tell from the minute order or the OAH whether Denise raised her discovery concerns or request for Gary's child support payments to be increased. Nor can we tell whether the family court properly denied her requests or simply refused to consider them, as she asserts on appeal. In short, the record is inadequate for us to determine whether the family court erred for the reasons Denise asserts. We therefore must affirm.

We affirm for the additional reason that Denise has failed to meet her burden of showing reversible error in her opening brief.[3] (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 [appellant must affirmatively show prejudicial error because trial court's judgment is presumed correct].) When assessing whether Denise has met that burden, our review is guided by the headings in the argument section of her opening brief. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.) We disregard any argument that is not clearly identified in a heading. (*Opdyk*, *supra*, at p. 1830, fn. 4.) We also disregard any contention that is not supported by legal authority or reasoned argument. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822, fn. 6.)

The argument section of Denise's opening brief has two subsections. The first reads in full: "1. <u>No Record</u> [¶] What's there to argue – there isn't even a record to argue against? The matter must be reversed, of course. The Superior Court IS a court of record, after all, or it used to be." This conclusory argument without authority or meaningful argument is insufficient for Denise to prove, as she must, that the family court prejudicially erred. (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738; Cal. Rules of Court, rules 8.204(a)(1)(C), 8.204(a)(2)(C).)

The second subsection of the argument of Denise's opening brief reads in full: "2. <u>The Balance, but There's No Record</u> [¶] There is much more covered above, but you all

---

[3] Because Gary did not file a respondent's brief, Denise did not file a reply brief.

won't allow the addressing of facts without a record, and if there might possibly be something that happened in some other proceeding and we don't have that other irrelevant record to positively affirm that it's irrelevant – when then you throw the whole appeal out even when offered to obtain whatever it is you need (even that irrelevant and obviously so based upon the record we had) and even when it involved a 3 year old having her skull bashed in – but give a chance to even go get that record for you – NO – we have to stand on formality in this court, don't we?  Children's skulls being bashed in be damned (and I got to hear, for the first time ever in 36 plus years in court trying cases, a jurist swear in this matter too, from the bench, on the record, and yell and be proud of it, but you see he was stuck toiling in municipal court functions for 8 years after graduating from Harvard, but the jurist who 'rescued' him had an axe to grind – children be damned – and rights of counsel to not have defamation per se committed against them at private parties and more be damned – Okay, we all understand what's going on – but now we don't even have a transcript to pretend anymore – This matter must be reversed – That's the <u>standard of review here</u>, no discretion, not even De Novo – A Mulligan would have to be allowed even if no mistakes were made, but pretty much all the court below was make mistakes, and there's not even a record to pretend about here at taxpayer expense.  We'll have to see how that works out for you all?  And for the children.)"

Denise goes on to block-quote several state and federal cases discussing the duty clerks of court have to file documents presented to the trial court.

Denise's second argument is inadequate to meet her burden of proving reversible error. She provides no coherent explanation as to how the family court erred by denying or failing to address her requests. And although she cites some authority, she fails to explain how it supports her position. Her quoting various passages from cases, "without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate" to show prejudicial error. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Finally, even if the family court erred, Denise makes no attempt to explain why the family court's purported errors were prejudicial. She does not explain how the family court's failure to rule on her various discovery requests harmed her, why she would have obtained a more favorable result had the court ordered her requested discovery, or why the court likely would have increased Gary's child support payments had the court ruled on her request. For this reason alone, she failed to meet her burden on appeal. (See *Bianco v. California Highway Patrol*, *supra*, 24 Cal.App.4th at p. 1125 [appellant must show that trial court erred and that error was prejudicial].)

Simply put, Denise has made no cogent argument showing that the family court committed reversible error. We therefore affirm.

## IV.

## DISPOSITION

The family court's October 30, 2020 OAH is affirmed.  Gary may recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON         

J.

We concur:

MILLER         

      Acting P. J.

SLOUGH        

      J.