Filed 9/12/24  Duong v. Uffer CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| TRUONG DINH DUONG, | |
| Plaintiff and Appellant, | G063914 |
| v. | (Super. Ct. No. RIC1816642) |
| MARK UFFER et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Riverside County, Chad W. Firetag, Judge. Affirmed.

Khouri Law Firm, Michael J. Khouri and Valery R. Polyakov for Plaintiff and Appellant.

Manatt, Phelps & Phillips and Charles E. Weir for Defendant and Respondent Mark Uffer.

Pearlman, Brown & Wax and Corinne D. Spencer for Defendant and Respondent Isaac Kung-Yu Tsai.

Lewis Brisbois Bisgaard & Smith and Raul L. Martinez for Defendants and Respondents Alaa Yousseff Afifi and Ihab Bassam Alomar.

\*          \*          \*

The trial court sustained the demurrers of defendants Mark Uffer, Alaa Yousseff Afifi, M.D., Isaac Kung-Yu Tsai, M.D., and Ihab Bassam Alomari, M.D, to plaintiff Truong Dinh Duong, M.D.'s third amended complaint without leave to amend and entered judgment in favor of defendants. On appeal, Duong contends the trial court erred in sustaining the demurrers and denying him leave to amend.

We affirm. Duong failed to include key items from the trial court's record in his appellant's appendix, including the court's written order sustaining the demurrers, the demurrers themselves, any opposition by Duong reflecting his representations to the court regarding his ability to amend his complaint to state a claim, and Duong's prior pleadings, the prior demurrers and the court's prior orders relating to the same.

Duong's opening brief also is deficient. It contains only conclusory argument, unsupported by any meaningful analysis and legal authority. Duong cited cases relating to the *elements* of each of his causes of action, but he failed to present argument with citation to authority addressing *how* the facts alleged state any viable cause of action against defendants. It is not apparent from the minimal records Duong did include in his appendix—including the third amended complaint, register of actions, and judgment[1]—

---

[1] Duong also included the notice of appeal and notice of designating record on appeal in the appendix.

that the demurrers should have been overruled or, alternatively, that further leave to amend should have been granted. It is not our role to discern whether Duong's third amended complaint should have survived demurrers that are not even contained in the record before us or to develop his arguments for him. Defendants raised these deficiencies in their respondents' brief on appeal, but Duong did not file a reply brief and failed to respond to them. Without an adequate record and briefing, Duong has failed to demonstrate grounds to reverse the judgment against him.

FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Duong is a licensed independent cardiologist who had clinical privileges at Corona Regional Medical Center (the hospital). Uffer was the hospital's chief executive officer, Afifi its chief of staff, and Tsai its chief of cardiology. Alomari is another cardiologist who worked at the hospital. Duong filed this action after a series of events led to the suspension of his privileges at the hospital and his required attendance at an anger management course.

According to the register of actions, Duong filed his initial complaint against the hospital on August 14, 2018. The hospital responded with a demurrer and motion to strike. The trial court sustained the demurrer in part, with 30 days' leave to amend, and deemed the motion to strike moot. Duong did not include his initial complaint, the demurrer and motion to strike (and related briefing), or the court's minute order, as part of his appendix on appeal.

It appears from the register of actions Duong added the individual respondents to the underlying action by Doe amendments. Afifi, Tsai, and Alomari demurred to the complaint, and the trial court sustained the demurrer in part, with 30 days' leave to amend. Duong did not include

3

these demurrers (and related briefing), or the court's minute order, as part of his appendix on appeal.

Duong filed a first amended complaint, and then sought and was granted leave to file a second amended complaint. Defendants Afifi, Alomari, Tsai, Uffer, the hospital, and another defendant, Adriane Rodriguez, the hospital's medical staff director, all demurred to the second amended complaint. The trial court sustained the demurrers and granted Duong 30 days' leave to amend. Duong did not include his first amended complaint, second amended complaint, the demurrers to the second amended complaint (and related briefing), or the court's minute orders sustaining these demurrers in his appellant's appendix.

Duong filed his third amended complaint on January 6, 2021, alleging causes of action for breach of contract, negligence, intentional interference with prospective economic advantage, and unlawful business practices pursuant to Business and Professions Code section 17200 et seq. (UCL). Duong included the third amended complaint in his appendix on appeal.

In the third amended complaint, Duong alleged Alomari filed two separate complaints against him, falsely accusing him of bullying and disruptive behavior. As a result, Duong was required to attend two medical executive committee (MEC) meetings, one for each of the two separate complaints made by Alomari. According to Duong, he was not given the opportunity to submit a written response to Alomari's allegations in advance of the first MEC meeting, even though the hospital's bylaws, which expressly state they are a contract between the hospital and staff members like Duong, allowed him to do so. He also alleged he was blindsided at the second MEC meeting by new, separate complaints made against him by two nurses.

4

According to the third amended complaint, Afifi led the MEC meetings and failed to properly investigate the complaints against Duong, ignored evidence presented by Duong, did not allow Duong to defend himself, and found the allegations against Duong to be true without any factual basis.

Duong was ordered to attend an anger management course (the PACE program), but he initially refused to do so. The MEC then voted to suspend Duong's clinical privileges. Duong ultimately agreed to, and did, attend the PACE program, but his suspension remains on his official record at the hospital and must be disclosed to other hospitals and to insurance providers.

As to Afifi, Duong alleged he is liable as the hospital's chief of staff under theories of negligence and intentional interference with prospective economic advantage for failing to ensure a fair and proper investigation into the allegations made against Duong and for making false representations about Duong to the hospital's board and the MEC. Duong alleged Uffer had the ability to intervene to stop what Duong characterized as harassment of him by Tsai, Alomari, and Afifi, and the sham investigation, but failed to do so. As to Tsai and Alomari, Duong alleged they conspired to submit Alomari's false and defamatory complaints against Duong in order to prevent Duong from successfully operating an important cardiac program at the hospital. Finally, Duong alleged Rodriguez made false representations to Duong and the members of the hospital's board regarding Duong's disagreement with having to attend the PACE Program, falsely gave information to other inquiring hospitals that suggested Duong had been suspended, and manipulated meeting attendance records resulting in Duong being demoted to "'inactive'" status at the hospital while he was working full time. Duong alleged that, as a result of defendants' misconduct, Duong's

5

relationships with the hospital and others were disrupted and his hospital schedule was minimized, which (along with having to attend the PACE program) caused him to lose money. Finally, in a conclusory fashion, Duong alleged defendants' conduct constituted unlawful business practices under the UCL.

Tsai, Afifi, Alomari, Uffer, and Rodriguez each demurred to the third amended complaint. Duong opposed the demurrers. The trial court sustained all of the demurrers (except Rodriguez's) without leave to amend on March 18, 2022.[2] Duong did not include the demurrers and related briefing, or the court's March 18 minute order, as part of his appellant's appendix.[3]

The trial court entered judgment on January 3, 2023, in favor of Tsai, Afifi, Alomari, and Uffer based on the March 18, 2022 order sustaining the demurrers. Duong timely appealed the judgment as to these four defendants.

---

[2] After the court overruled Rodriguez's demurrer, Rodriguez and the hospital successfully moved for summary judgment on Duong's entire third amended complaint, and a separate judgment was entered in their favor. Our colleagues in Division Two dismissed Duong's appeal from that separate judgment on grounds of untimeliness and resulting lack of jurisdiction.

[3] The register of actions indicates the trial court posted tentative rulings on the demurrers prior to the hearing and held a telephonic hearing with all counsel and a court reporter present. All parties submitted on the tentative rulings without oral argument on the demurrers by Uffer, Rodriguez and Tsai. Counsel for Afifi and Alomari requested and presented oral argument on their demurrers. On appeal, Duong opted to proceed without a record of the oral proceedings.

## DISCUSSION

### I.

#### STANDARD OF REVIEW

"We independently review the ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action. [Citation.] Construing the allegations in a reasonable manner, we assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice can and have been taken." (*Crouch v. Trinity Christian Center of Santa Ana, Inc.* (2019) 39 Cal.App.5th 995, 1010.) "'We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons.'" (*Santa Ana Police Officers Assn. v. City of Santa Ana* (2017) 13 Cal.App.5th 317, 324.)

Even though our review is de novo, "'[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's job to "'frame the issues for us, show us where the superior court erred, and provide us with the proper citations to the record and case law.'" (*Crawley v. Alameda County Waste Management Authority* (2015) 243 Cal.App.4th 396, 404; Cal. Rules of Court, rule 8.204(a)(1)(B) [appellate brief must "support each point by argument and, if possible, by citation of authority"].) "'Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate

7

review.' [Citation.] 'Hence, conclusory claims of error will fail.'" (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457.)

## II.

### ANALYSIS

"It is the burden of appellant to provide an accurate record on appeal to demonstrate error. Failure to do so precludes an adequate review and results in affirmance of the trial court's determination." (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.) Rule 8.124(b) of the California Rules of Court sets out the required contents of an appellant's appendix. The appendix must include the notice of appeal, the judgment and orders appealed from, and the register of actions. (Cal. Rules of Court, rules 8.124(b)(1), 8.122(b)(1).) In addition, the appendix must include any other document from the superior court file necessary for proper consideration of the appeal, including any document the respondent is likely to rely on. (Cal. Rules of Court, rules 8.124(b)(1)(B), 8.122(b)(3)(A).)

Duong's appendix does not comply with these rules. His appendix consisted of only his third amended complaint, the judgment, the notice of appeal, the notice of designation of record on appeal, and the register of actions. Duong did not provide us with the trial court's order sustaining the demurrers to the third amended complaint, the demurrers, the opposition papers and related briefing, or Duong's prior pleadings, all of which are necessary for our consideration of Duong's contention on appeal that the court erred in sustaining defendants' demurrers to the third amended complaint without leave to amend.

Duong also failed to provide in his opening brief anything more than bare conclusory arguments regarding the sufficiency of his third amended complaint, and his brief is completely devoid of meaningful legal

8

analysis with citations to legal authority. An appellant must "support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) "'An appellate brief "should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration." [Citation.]' [Citation.] . . . 'This court is not inclined to act as counsel for him or any appellant and furnish a legal argument as to how the trial court's rulings in this regard constituted an abuse of discretion' [citation], or a mistake of law." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368; *Blizzard Energy, Inc. v. Schaefers* (2021) 71 Cal.App.5th 832, 854 [forfeiture of points without meaningful argument or citation to authority].)

Having failed to provide both an adequate record on appeal and an opening brief with meaningful legal argument and authority, Duong failed to sustain his burden of showing the trial court erred.

DISPOSITION

We affirm the judgment. Respondents shall recover costs on appeal.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

9