Filed 2/20/25  Carranza v. Mass Automotive Group CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LUIS CARRANZA, JR., | B339578 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. 22STCV06947) |
| MASS AUTOMOTIVE GROUP, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge.  Affirmed.

Luis Carranza Jr., in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

## BACKGROUND

Plaintiff Luis Carranza Jr., a self-represented litigant, appeals from a judgment entered in favor of defendant Mass Automotive Group, LLC dba Nissan of Mission Hills.

The complaint Carranza filed is not in the appellate record he designated. From his appellate brief and other documents in the record, we gather that this action concerns his purchase of a vehicle from Nissan of Mission Hills. We cannot provide a statement of the facts because the limited record does not include documents describing the facts and circumstances of the vehicle purchase.

As to the procedural history of the case, the record shows that on December 28, 2022, the trial court granted Nissan of Mission Hills's motion to compel arbitration and stayed the case pending completion of the arbitration. The appellate record, however, does not include the motion to compel arbitration, the alleged vehicle sales contract, or any arbitration agreement. Carranza's opposition to the motion, which is in the record before us, states that the sales contract presented by Nissan of Mission Hills was "fraudulent" and could not "be used" to compel arbitration.

According to the trial court's case register, which is part of the appellate record, after the arbitration, Nissan of Mission Hills filed a petition to confirm the arbitration award, and Carranza filed a motion "to vacate or alter" the arbitration award. Neither the petition, the motion, nor the arbitration award is part of the appellate record. On February 21, 2024, the court issued a minute order denying, as untimely, Carranza's motion to vacate or alter the arbitration award. The record before us does not include a ruling on the petition to confirm the arbitration award.

2

On May 6, 2024, the court entered a judgment in favor of Mass Automotive Group, LLC dba Nissan of Mission Hills, stating that Carranza "shall take nothing and the parties shall bear their own costs, fees, and expenses." Carranza timely appealed from the May 6, 2024 judgment, which he described in his notice of appeal as the "ADR – Arbitration Judgment."

## DISCUSSION

In his appellate brief, Carranza references matters outside the appellate record (e.g., various sales documents and vehicle records) and implies that he should have prevailed at the arbitration.

Judicial review of an arbitration award is limited. Generally, a court may not review the " 'merits of the controversy between the parties,' " the "validity of the arbitrator's reasoning," or the "sufficiency of the evidence supporting an arbitrator's award." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11.) "Thus, it is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Ibid.*)

The grounds for vacating an arbitration award are listed in Code of Civil Procedure[1] section 1286.4, subdivision (a), and include, among others, that the "award was procured by corruption, fraud or other undue means;" "[t]here was corruption in any of the arbitrators;" the "rights of the party were

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

The trial court's order denying Carranza's motion to vacate or alter the arbitration award indicates that Carranza brought the motion under the California Arbitration Act (§ 1280 et seq.).

substantially prejudiced by misconduct of a neutral arbitrator;" and the "arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (§ 1286.2, subd. (a)(1)-(4).) The following grounds for correcting an arbitration award are listed in section 1286.6: "There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;" the "arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted;" and the "award is imperfect in a matter of form, not affecting the merits of the controversy." (§ 1286.6, subds. (a)-(c).)

Carranza does not contend that any of these statutory grounds applies to the arbitration award here. But even if he had articulated a valid ground for vacating or correcting the award, we would not be able to review his contention of error because he did not provide an adequate record for our review. Among other things, the record before us does not include an arbitration agreement, the claims asserted in the arbitration, the arbitration award, or the motion to vacate or alter the award.[2]

A fundamental rule of appellate review is that a " 'judgment or order of the lower court is presumed correct. All

_____

[2] Carranza does not appear to challenge the trial court's finding that his motion to vacate or alter the arbitration award was untimely. (See § 1288 ["A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner"].) But even if he did, we would not be able to review the challenge because the record does not show when the award was served on him.

4

intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.) An appellant must "provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) "Failure to do so precludes an adequate review and results in affirmance of the trial court's determination." (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)

The inadequate appellate record precludes us from reviewing whether the trial court erred in entering judgment against Carranza after the arbitration. Accordingly, we must affirm the judgment.

## DISPOSITION

The judgment is affirmed. No costs are awarded on appeal.
NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

5