Filed 5/8/25  Bodge v. Stan's Big Savings CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GERALD BODGE, | D084086 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2022-00009300-CU-MC-CTL) |
| STAN'S BIG SAVINGS, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Loren G. Freestone, Judge.  Affirmed.

Menhennet Law and Janine R. Menhennet for Defendant and Appellant.

Law Office of Sean Brew and Sean Brew for Plaintiff and Respondent.

Defendant Stan's Big Savings, Inc. (SBS) appeals a judgment entered in favor of Gerald Bodge after a bench trial.  The court determined that SBS breached a 2020 addendum to its sub-lease agreement with Bodge.  The addendum provided that rent payments from SBS to Bodge would be temporarily abated, and the balance of the rent would be due "at [a] later date."  After hearing extrinsic evidence about the meaning of this provision,

the trial court concluded the abatement was motivated by COVID-19-related business disruptions. The court reasoned that because COVID-related restrictions had been lifted, SBS was now required to pay the balance of the rent.

On appeal, SBS first argues the trial court erred by allowing this litigation to proceed because Bodge did not give pre-suit notice of his claim. SBS conflates requirements for unlawful detainer actions, which require pre-suit notice, with breach of contract actions, which generally do not.

SBS next argues the trial court erred by considering extrinsic evidence concerning the meaning of the 2020 addendum. But the trial court's minute order reflects that the parties asked the court to hear such evidence. Even if they had not, we would find the trial court properly heard evidence bearing on the meaning of the parties' ambiguous agreement. To the extent SBS disagrees with the court's assessment of the evidence presented at trial, it has not provided an adequate record from which we could conclude the trial court committed any error.

Finally, SBS claims the trial court improperly inserted a force majeure clause into the parties' agreements. We do not agree with SBS's interpretation of the trial court's order, which does not improperly read any provisions into the sublease agreement or the addendum.

We find no error in the trial court's order. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Bodge rented a commercial space pursuant to a master lease agreement with a non-party landlord. In 2017, Bodge entered into a sublease agreement

2

with SBS, renting out a portion of that property.[1]  In June 2020, the parties signed the following addendum to the sublease agreement:

> "I Gerald Bodge . . . agree to accept at least 500 per week from [SBS] for the rent at 4601 El Cajon Bl San Diego Ca 92115.  This amount is due on any of the following days of the week Mon-Sunday or when the tenant has the total amount of money.  This agreement also allows partial payment if necessary.  Balance of rent will still be due at [*sic*] later date.

> "I [SBS] agrees [*sic*] to these terms stated above, and also in the event this cannot be paid on these days will [*sic*] be paid as soon as possible."

In 2022, Bodge filed a lawsuit against SBS, asserting causes of action for breach of the sublease agreement and declaratory relief, seeking to recover unpaid rent.  In 2023, Bodge filed a separate action for unlawful detainer against SBS, which the trial court later consolidated with Bodge's first suit.

The trial court held a bench trial on all of Bodge's causes of action.  The trial was not transcribed, and SBS elected not to file a settled statement summarizing the proceedings.  The minutes of the trial court state, "Parties request the Court take extrinsic evidence."  The court heard testimony from four witnesses, including Bodge and SBS's CEO, who signed the 2020 addendum to the sublease.  The court also admitted exhibits into evidence, including the master lease, the sublease, and the addendum to the sublease, as well as a "10-Day Notice to Pay Rent or Quit" sent to SBS by Bodge in 2023.

---

[1]     We take judicial notice of our prior opinion concerning that sublease agreement.  (*Stan's Big Savings v. Bodge* (Mar. 20, 2023, D079847) [nonpub. opn.].)

"After weighing the credibility of the witnesses and an examination of the evidence," the court stated its ruling on the record. The court denied Bodge's unlawful detainer action without prejudice, finding the notice to quit claimed SBS owed "two different amounts" of rent, and the notice was therefore "invalid." "Regarding the lease issues and breach of contract," the court held the June 2020 addendum was enforceable and found "the credible evidence and testimony is that the [addendum] was entered into around the time of the COVID closures and was a result of declining business." The court held:

> "Regarding amounts due and owing under the modification: Defense contends that if the court finds that the total amount of rent under the original lease is due and owing, then there has been no breach because there has been no demand for payment made by plaintiff. However, there was a lawsuit filed (this one) seeking payment, which is sufficient notice. Moreover, even though there was no date specified as to when outstanding amounts were due, a reasonable period has passed since COVID restrictions have been lifted, therefore making the total amounts of rent due."

The court awarded $246,100 in unpaid rent to Bodge.

## DISCUSSION

"We generally apply an independent, or de novo, standard of review to conclusions of law regarding [contract] interpretation." (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266 (*ASP Properties*).) We also assess "extrinsic evidence de novo, even if the evidence is susceptible to multiple interpretations, unless the interpretation depends upon credibility," in which case "we must accept any reasonable interpretation adopted by the trial court." (*Golden West Baseball Co. v. City of Anaheim* (1994) 25 Cal.App.4th 11, 21–22.)

4

SBS first contends the court erred by "determining that filing a complaint constitutes notice that rent in arrears is due." SBS claims "[f]ailure to provide notice is an absolute defense to unlawful detainer actions." This argument does not assist SBS's appeal, as the trial court dismissed Bodge's unlawful detainer action for lack of notice, and SBS concedes "[t]hat item is not on appeal here." (Italics omitted.)

In its reply brief, SBS attempts to argue that notice is also a condition precedent to filing a lawsuit for breach of a lease agreement. But SBS forfeited this argument by failing to raise it in its opening brief. (See, e.g., *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10.) In any case, SBS fails to cite any authority for this proposition, again referencing statutes and case law concerning unlawful detainer actions. The procedural strictures of unlawful detainer proceedings do not apply to ordinary breach of contract actions. (See, e.g., *Esa Management, LLC v. Jacob* (2021) 63 Cal.App.5th Supp. 1, 4 [" 'Unlawful detainer is a highly specialized form of litigation. Highly summary in nature, the code requirements must be followed strictly, otherwise a landlord's remedy is an ordinary suit for breach of contract . . . .' "].)

Second, SBS claims the trial court erred by "taking parol evidence to interpret a contract which was not ambiguous." " 'The precise meaning of any contract, including a lease, depends upon the parties' expressed intent, using an objective standard.' " (*ASP Properties, supra*, 133 Cal.App.4th at p. 1266.) Where a provision in a contract is ambiguous, the court may hear extrinsic evidence to determine the parties' intent. (*Ibid.*) " ' "The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to

5

prove a meaning to which the language of the instrument is reasonably susceptible." ' " (*Another Planet Entertainment, LLC v. Vigilant Ins. Co.* (2024) 15 Cal.5th 1106, 1144 (*Another Planet*).)

According to the minutes of the trial court, the "[p]arties request[ed] [that] the Court take extrinsic evidence." SBS cannot fairly complain that the trial court erroneously considered extrinsic evidence when it joined in a "request" to do just that. (Cf. *Geffcken v. D'Andrea* (2006) 137 Cal.App.4th 1298, 1312 [appellants were estopped from arguing "that the trial court erroneously ordered that judgment be entered in respondents' favor" on two causes of action where counsel had said that in light of an earlier ruling, "We agree that there's nothing really left here"].)

Even if SBS were not estopped from asserting this argument, it has not shown any error. SBS claims "at [a] later date" is not ambiguous and "clearly means that Bodge will ask . . . SBS for the rent arrears 'at a later date.' " It is unclear how this interpretation would help SBS's position, as it is now a "later date," and Bodge has demanded the arrears. In any case, " 'the "meaning of language is to be found in its applications. . . . An ambiguity arises when language is reasonably susceptible of more than one application to material facts. There cannot be an ambiguity per se, i.e., an ambiguity unrelated to an application." ' " (*Another Planet, supra*, 15 Cal.5th at p. 1144.) Because "at [a] later date" could mean virtually any time, the language of the addendum is reasonably susceptible to more than one potential application. Accordingly, we independently find it appropriate to consider extrinsic evidence bearing on the meaning of this provision.

As to the extrinsic evidence itself, SBS has failed to provide a record of the trial proceedings, which included live testimony from the signatories to the addendum. It is the appellant's burden to provide an adequate record.

6

(See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Failure to do so "precludes an adequate review and results in affirmance of the trial court's determination." (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 (*Estrada*).) Because SBS has not provided an adequate record, we cannot assess the extrinsic evidence and therefore cannot conclude that the trial court erred in its interpretation of such evidence.

Next, SBS argues the trial court erroneously "determin[ed] that a force majeure provision existed in the rental agreement." A force majeure clause in a contract can excuse performance, in whole or in part, when an unanticipated event makes that performance unreasonably difficult. (See, e.g., *West Pueblo Partners, LLC v. Stone Brewing Co., LLC* (2023) 90 Cal.App.5th 1179, 1188; *Southern Pacific Land Co. v. Westlake Farms, Inc.* (1987) 188 Cal.App.3d 807, 822.) But we do not agree with SBS's characterization of the trial court's order. Rather, as explained above, the trial court reasonably heard extrinsic evidence bearing on the meaning of an ambiguous contractual provision.

Finally, SBS's brief suggests it disagrees with the trial court's statement that "[t]he parties do not dispute the amounts defendant collected from another subtenant." To the extent SBS intended to challenge this distinct aspect of the court's ruling, it has forfeited its arguments by failing to present them in the argument section of its brief under a separate heading. (*Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065 [" 'Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading.' "].)

Furthermore, in the short discussion in the "PROCEDURAL SUMMARY" section of SBS's opening brief, SBS states the ruling "was only supported by the hearsay chart in Exhibit 38, with no supporting evidence.

7

The Trial Court took no testimony from SBS on this matter, and his counsel's inadvertent admission, if it happened at all, cannot bind SBS." Because SBS has not provided an adequate record of the proceedings below, we cannot assess what testimony was presented or what statements were made by counsel. This precludes adequate appellate review and requires us to affirm the trial court's determination. (See *Estrada, supra*, 71 Cal.App.4th at p. 620, fn. 1.)

## DISPOSITION

The judgment of the trial court is affirmed. Bodge shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.

8