Filed 3/12/26  Poyorena v. Hernandez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CAROLYN POYORENA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANITA FERGUSON HERNANDEZ,<br><br>Defendant and Appellant. | F089833<br><br>(Fresno Super. Ct. No. 22CECG03281)<br><br>**ORDER MODIFYING OPINION, DENYING REHEARING, AND DENYING REQUEST FOR PUBLICATION**<br><br>**[No Change in Judgment]** |

**THE COURT:**

It is hereby ordered that the opinion filed herein on February 19, 2026, be modified as follows:

1. On page 2, the last sentence of the second full paragraph that reads, "The judgment is affirmed" is deleted.

2. After the last full paragraph on page 2 and before the heading "FACTUAL AND PROCEDURAL BACKGROUND" on page 3, the following paragraph is added:

> Appellant makes a further argument that this judgment should be reversed because respondent failed to provide her with notice of the case's assignment for all purposes, which deprived her of the opportunity to use a peremptory challenge under Code of Civil Procedure section 170.6.  Even setting aside issues of forfeiture, we find this argument meritless, as there is nothing before us that shows appellant would have or

could have moved for disqualification under that code section.  We affirm the judgment.

3.  On page 10, after the final paragraph of the opinion and before the heading "DISPOSITION," the following paragraphs are added:

Appellant also contends that respondent failed to provide her with notice of the assignment of the trial judge for all purposes, depriving her of the opportunity to exercise a peremptory challenge under Code of Civil Procedure section 170.6.  The contention lacks merit, and we reject this argument.  Nothing in the briefing or record shows that, had such notice been provided, appellant would have or could have sought disqualification under section 170.6.  Indeed, appellant's argument is speculative.  She asserts that notice of this assignment would likely have "prompted her to determine the implications of having a judge assigned for all purposes and would presumptively have also led her to inquire or further investigate this judge who would hold her fate in his hands,"[1] or that "she might have consulted with counsel, possibly even retained undersigned counsel, earlier than she did."  (Fn. omitted.)  Such speculation is insufficient to satisfy appellant's burden on appeal.

The purpose of serving a notice of assignment for all purposes is to start the time within which a party may file a peremptory challenge under Code of Civil Procedure section 170.6.  (Code Civ. Proc., § 170.6, subd. (a)(2).)  Even assuming appellant was not served, she knew who the assigned trial judge was *at the beginning of trial* and could have moved for disqualification at that time.  (*Ibid*. [motion may be "oral or written" and "without prior notice," and may be supported by an "oral statement under oath"].)  She did not do so.  Nor is that failure excused.  Parties representing themselves are held to the same procedural rules as those represented by counsel.  (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267.)  Even setting aside forfeiture, there is nothing before us that shows appellant would have or could have asserted, in good faith, that the assigned trial judge was

_____

[1]   Appellant identifies no facts she would have discovered through such an "investigation" that would have supported a declaration, under penalty of perjury, that the assigned trial judge was prejudiced against her.

2.

prejudiced against her prior to trial.[2]  Code of Civil Procedure section 170.6 allows a party with such belief to seek disqualification *before* a trial or hearing; it does not provide a dissatisfied litigant a second opportunity after an unfavorable ruling.

There is no change in the judgment.  Except for the modifications set forth, the opinion previously filed remains unchanged.

The petition for rehearing filed on March 6, 2026, is hereby denied.

The request for publication of the opinion is hereby denied.  The opinion does not establish a new rule of law, nor does it meet any of the other criteria set forth in rule 8.1105(c) of the California Rules of Court.

In compliance with rule 8.1120(b) of the California Rules of Court, the Clerk/Executive Officer of this court shall transmit copies of the request for publication, the opinion, and this order to the Supreme Court.


LEVY, J.

WE CONCUR:


HILL, P. J.


PEÑA, J.

---

[2]     Counsel's representation that he routinely moves to disqualify this particular judge carries little weight, as he did not represent appellant at the time of trial.

3.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CAROLYN POYORENA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANITA FERGUSON HERNANDEZ,<br><br>Defendant and Appellant. | F089833<br><br>(Super. Ct. No. 22CECG03281)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Bruce Leichty for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

In this case, appellant and defendant Anita Ferguson Hernandez[3] (appellant) appeals from a judgment against her and in favor of respondent and plaintiff Carolyn Poyorena. Her appeal, however, has little to do with error occurring during the trial. Rather, she argues that the trial court's failure to follow a procedural rule requiring her to submit a notice about whether or not she wanted a court reporter was structural error, because, without a court reporter, she now lacks the ability to provide a record showing other errors alluded to in her briefing. She notes she would have been entitled to an official reporter at no cost, had she requested one, because she was granted a fee waiver.

We find this argument unconvincing. Rule 2.956(b)(3) of the California Rules of Court imposes a directory, not mandatory, duty on the trial court, compelling it to seek these statements from litigants for purposes of administrative efficiency, not party notice. Other provisions of the same rule are directed towards ensuring notice of the availability of court reporters is given to litigants, including one requiring the trial courts to adopt policies regarding the same, which are then published to litigants either in the local rules or through individual notice. Moreover, the Judicial Council's form order granting a fee waiver advises the litigant receiving the fee waiver they also need not pay for an official reporter, if they request one. It is eminently clear the Fresno County Superior Court had, in fact, adopted such a local rule, and equally clear appellant specifically received the fee waiver order that advised she could have a reporter free of charge if she requested one. Appellant has certainly received adequate notice here, and we find no structural error occurred. The judgment is affirmed.

---

[3] Although the judgment identifies appellant as "Anita Ferguson Hernandez," appellant represents that her legal name is Anita Ferguson. For clarity and consistency, we refer to her as appellant throughout this opinion.

2.

## FACTUAL AND PROCEDURAL BACKGROUND

This case was initiated by the filing of a complaint in October 2022, stating seven causes of action for breach of contract, defamation of character, wrongful eviction, trespass to chattels, malicious prosecution, conversion, and intentional infliction of emotional distress. A request for entry of default was submitted in February 2023. Appellant filed an answer in April 2023. A fee waiver was granted for appellant on April 6, 2023. Appellant filed a document captioned as a cross complaint in July 2023, in which it appears she alleges an elder abuse claim against respondent as well as generally refuting the allegations respondent made against her.

A nonjury trial was held beginning on August 19, 2024. Because no reporter's transcript is available, little is known about the testimony adduced at trial. It appears that six witnesses, one of whom was respondent, gave testimony. It appears appellant did not give any testimony. Ten exhibits were entered into evidence. On the second day of trial, the minutes reflect the parties "discuss[ed] photos provided and damages," and then the court took a recess before ordering the parties to return two days later for a ruling. Appellant represents in briefing that, during this recess, the court called one of the witnesses back into chambers, without allowing appellant to be present. According to appellant, the judge later announced he was going to "credit the testimony" of this witness. However, these allegations contain no citations to the record. Further, appellant has not asked us to consider outside evidence pursuant to Code of Civil Procedure section 909 and rule 8.252 of the California Rules of Court, or to issue a writ of coram vobis.[4]

---

[4]    "In all cases where trial by jury is not a matter of right or where trial by jury has been waived, the reviewing court may make factual determinations contrary to or in addition to those made by the trial court. The factual determinations may be based on the evidence adduced before the trial court either with or without the taking of evidence by the reviewing court. The reviewing court may for the purpose of making the factual determinations or for any other purpose in the interests of justice, take additional

3.

The court ultimately delivered its ruling orally. Without a transcript, it is unclear precisely on which of the seven causes of action the court found respondent's burden met, but it did find appellant's conduct "outrageous and intentional by clear and convincing evidence," according to the court's minutes. It apparently found for plaintiff at least on the malicious prosecution, intentional infliction of emotional distress, and wrongful eviction claims, as it apparently awarded $50,000 in damages for the first two of those causes of action, and $5,000 for the wrongful eviction. It also awarded the following damages: $2,000 for a violation of Civil Code section 1940.2, subdivision (b)[5]; $2,000 for "[m]otor home sale"; $5,000 in damages for "[v]alue of itemized property"; and $2,000 for "[b]ail bond." The court thus awarded a total judgment of $66,000 against appellant.

evidence of or concerning facts occurring at any time prior to the decision of the appeal, and may give or direct the entry of any judgment or order and may make any further or other order as the case may require." (Code Civ. Proc., § 909.) "A party may move that the reviewing court make findings under Code of Civil Procedure section 909. The motion must include proposed findings." (Cal. Rules of Court, rule 8.252(b).) "[A]n appellate court can issue a writ of error *coram vobis* commanding the trial court to reconsider its decision in light of … newly discovered evidence." (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 941, fn. omitted.)

Appellant has requested this court take judicial notice of a copy of a notice posted at some point on or prior to May 1, 2023, as well as certain basic facts, including the name of one of the courthouses of the Fresno County Superior Court and certain assignments to courtrooms within that courthouse. However, nothing contained in the request is relevant to the resolution of the question before this court. (*Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063, overruled on other grounds in *In re Tobacco Cases II* (2007) 41 Cal.4th 1257 ["Although a court may judicially notice a variety of matters (Evid. Code, § 450 et seq.), only *relevant* material may be noticed"].) Therefore, the request for judicial notice is denied.

[5] The trial court's minutes actually reflect a violation of Code of Civil Procedure section 1940.2, subdivision (b). However, there is no such statute. We presume the court intended to refer to the Civil Code, rather than the Code of Civil Procedure, which does contain a section 1940.2, rendering it unlawful for a landlord to engage in certain conduct to influence a tenant to vacate a dwelling. (Civ. Code, § 1940.2, subd. (a).) That statute provides for a civil penalty in the amount of $2,000 for each violation. (*Id*., subd. (b).)

The judgment was entered on November 20, 2024. A notice of appeal was timely filed.

## DISCUSSION

Appellant's argument hinges on a provision in the Rules of Court stating, "[u]nless the court's policy states that all courtrooms normally have the services of official court reporters available for civil trials, the court must require that each party file a statement before the trial date indicating whether the party requests the presence of an official court reporter." (Cal. Rules of Court, rule 2.956(b)(3).) There is no indication in the record that any such statement was filed. However, we do not think the failure of the trial court to require this filing merits reversal.

Rule 2.956 of the California Rules of Court was adopted in order to implement Government Code section 68086, which generally discusses fees to be charged by courts for court reporting. (Gov. Code, § 68086; Cal. Rule of Court, rule 2.956(a).) The statute requires the Judicial Council to adopt rules ensuring first, "[t]hat parties are given adequate and timely notice of the availability of an official court reporter," and second, to allow "[t]hat if an official court reporter is not available, a party may arrange for, at the party's expense, the presence of a certified shorthand reporter to serve as an official pro tempore reporter." (Gov. Code, § 68086, subd. (d).) Accordingly, rule 2.956 requires that each trial court "adopt and post in the clerk's office a local policy enumerating the departments in which the services of official court reporters are normally available, and the departments in which the services of official court reporters are not normally available." (Cal. Rules of Court, rule 2.956(b)(1).) The court may either publish the policy in a newspaper, send each party a copy of the policy at least 10 days before any hearing is held, or adopt the policy as a local rule. (Cal. Rules of Court, rule 2.956(b)(2).)

In this case, the Fresno County Superior Court's local rules specify that "[c]ourt reporters are not routinely provided by the Court for the designated unlimited civil

departments," among others. (Super. Ct. Fresno County, Local Rules, rule 1.1.18.) They also state that a party with a fee waiver may file a request for an official court reporter prior to the trial or hearing, which must be filed when notice of the trial or hearing is received. (*Ibid.*) As noted on the order granting appellant a fee waiver here, if she had requested a court reporter, one would be provided at no cost to her.[6]

As this court has previously noted, a statute or rule " 'may impose on the [government] a duty to act in a particular way, and yet failure to do so may not void the governmental action taken in violation of the duty.' " (*In re Hannah D.* (2017) 9 Cal.App.5th 662, 680.) The distinction is based on whether the duty is " ' "mandatory" ' " or " ' "directory." ' " (*Ibid.*) This distinction is not synonymous with " ' " ' "permissive" ' " ' " or " ' " ' "obligatory," ' " ' " but " ' "instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates." ' " (*Ibid.*) It is thus a question of remedy for a statutory violation: a directory duty is one of which violation does not create a reversible error. (*In re Richard S.* (1991) 54 Cal.3d 857, 865–866.) In evaluating this, we "must go beyond" the strict terms of the rule, and determine the intent and purpose behind the rule, which we do by looking to the rule as a whole, the " ' "nature and character of the act to be done, and from the consequences which would follow the doing or failure to do the particular act at the required time." ' " (*Ibid.*) " ' "When the object is to subserve some public purpose, the provision may be held directory or mandatory as will best accomplish that purpose." ' " (*Id.* at p. 866.)

---

[6] This accords with the Rules of Court, which say that if a party has been granted a fee waiver, they may "request that the court provide an official reporter for attendance at the proceedings." (Cal. Rules of Court, rule 2.956(c)(2).) If they do, "[t]he court must provide an official reporter if the party has been granted a fee waiver and if the court is not electronically recording the hearing or trial." (*Ibid.*)

Here, we are looking to the purposes of rule 2.956 of the California Rules of Court. We start first with the statutory directive that the Judicial Council must adopt rules ensuring three things: (1) "[t]hat parties are given adequate and timely notice of the availability of an official court reporter"; (2) "[t]hat if an official court reporter is not available, a party may arrange for, at the party's expense, the presence of a certified shorthand reporter to serve as an official pro tempore reporter," appointment of which shall not be refused without "good cause"; and (3) "[t]hat if the services of an official pro tempore reporter are utilized pursuant to paragraph (2), no other charge shall be made to the parties." (Gov. Code, § 68086, subd. (d).)

Pursuant to this, rule 2.956 requires the superior courts to adopt local rules about which departments will or will not regularly have court reporters, and let the public know. (Cal. Rules of Court, rule 2.956(b).) Fresno County Superior Court complied with this requirement. (Super. Ct. Fresno County, Local Rules, rule 1.1.18.) Additionally, rule 2.956 advises the parties that they may arrange for their own reporters or, if they have been granted a fee waiver, request that one be provided. (Cal. Rules of Court, rule 2.956(c).) Lastly, the Judicial Council's standard order granting a fee waiver advises litigants that "[y]ou do not have to pay the court fees for … [r]eporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter." Further, the fee waiver order includes a clerk's certificate of service that notes this order was hand served on appellant. Thus, to the extent Government Code section 68086 is concerned with notice to litigants about court reporting practices, rule 2.956, Local Rule 1.1.18, and Judicial Council Form FW-003 fulfill that statutory purpose, both generally and in specific relation to this case.

The rule does also state that "the court must require that each party file a statement before the trial date indicating whether the party requests the presence of an official court reporter." (Cal. Rules of Court, rule 2.956(b)(3).) However, given that court and local rules already ensure notice is adequately given to the public, we conclude the purpose of

7.

this provision is related to ensuring the administrative efficiency of the courts. By requiring parties to file statements prior to the trial date, the court can ensure that, if it must have an official court reporter, it can arrange to do so. Tremendous delays and confusion would be imposed if the court waited to ascertain the necessity of having a reporter until the day of trial. It is virtually certain none of the superior courts have reporters sitting idly on call, ready to respond at a moment's notice, given the well-recognized budgetary constraints placed on the California courts. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 610 ["Prior to the drastic cuts in judicial budgets over the last decade, superior courts in California generally made official court reporters routinely available for civil trials. As a result of budget reductions, however, many, but not all, of the superior courts throughout the state have adopted new policies limiting the availability of official court reporters to only a narrow category of civil cases, which generally do not include ordinary contract, personal injury, or professional negligence cases"].) Therefore, it makes good sense for ease of planning and efficiency to require the parties to advise the court ahead of time if it needs to locate and secure an official reporter on a particular day for a department that does not typically have court-provided reporters. However, this is done for the benefit of the court, not the benefit of the parties. This provision is not intended to ensure the parties receive notice about the availability of court reporters, as the parties will have already received such notice about the court's practices long before this point, through the local rules and the orders granting them a fee waiver.

Accordingly, we conclude the rule is directory, not mandatory. This is not to say it is not obligatory: because it is phrased as a command, all trial courts must follow this directive. However, it does mean violation of this rule does not create reversible error for a litigant, particularly where that litigant undoubtedly had notice of their ability to request a court reporter and have one provided free of charge, having been told so at least twice: once by the local rules and once by the Judicial Council's standard fee waiver order. Of

8.

course, appellant was required to know and abide by all court rules, regardless of whether she was represented by counsel at the time of trial. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 ["A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation"]; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284 ["[pro. per.] litigants are not entitled to special exemptions from the California Rules of Court"].) Because appellant undoubtedly received notice, and because the only error here is a deviation from a rule designed to promote the administrative efficiency of the courts, there is no reversible, let alone structural, error in the trial court's apparent failure to require appellant to file the notice contemplated in Fresno County Superior Court Local Rules, rule 2.956.

Additionally, even if we were to find the duty here was mandatory, not directory, we would still find that appellant forfeited any claims of error by failing to seek at least a settled statement of the case. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 [appellant's burden to furnish adequate record]; *Herrera v. Doctors Medical Center of Modesto, Inc.* (2021) 67 Cal.App.5th 538, 546 [issue forfeited by failing to provide adequate record]; *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [failure to provide adequate record "precludes an adequate review and results in affirmance of the trial court's determination"].) A transcript of court proceedings is not the sole means of preserving a record on appeal, and the Rules of Court permit two alternatives, allowing parties to proceed by obtaining either a settled statement or an agreed statement. (Cal. Rules of Court, rules 8.134, 8.137.) Even assuming one could argue futility as an exception excusing these as methods of obtaining a record, we do not think this such an extreme case that would permit a finding of futility without appellant even attempting to obtain such a statement. We understand a litigant may not be able to convince an opposing party, especially an obstreperous and unrepresented opposing party, to agree to a statement of the case; that is not the same as saying they need not try. Additionally, it

9.

would be extreme circumstances indeed that would cause us to believe a trial court was incapable of settling a statement of the case pursuant to Rules of Court, rule 8.137. Whatever these extreme circumstances might be, they are not present here, and appellant was obliged to at least attempt to get a settled statement prior to saying the lack of a court reporter created error in this case.

## DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.

LEVY, J.

WE CONCUR:

HILL, P. J.

PEÑA, J.